United States District Court
Southern District of Texas
**ENTERED**
September 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OSMANY MORENO CHIRINO,** | § | |
| | § | |
| **Petitioner,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-07145** |
| | § | |
| **RANDY TATE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Osmany Moreno Chirino's Petition for Writ of Habeas Corpus (ECF No. 1) and the Federal Respondents Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 7). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

The Immigration and Nationality Act ("INA") typically allows the United States Government ("the Government") ninety days to remove a noncitizen following an order of removal. 8 U.S.C. § 1231(a)(1). This "removal period" begins when a removal order "becomes administratively final;" when a court, having stayed removal pending review, issues its final order; or when the noncitizen is released from non-immigration detention. *Id.* If more than one of these conditions applies, the "latest" date controls. *Id.* The ninety-day period may be "extended . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* The Government may also keep a person in prolonged custody if they present certain dangers to the community or are "unlikely to comply with [their] order of removal." 8 U.S.C. § 1231(a)(6). After six months of post-removal custody, continued confinement raises

constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) at 690, 701. Under *Zadvydas v. Davis*, if a noncitizen who has been detained for over six months "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. In the event it cannot, the individual must be released. *See id.* at 700.

Petitioner is a citizen of Cuba who entered the United States on December 18, 2000. *See* ECF No. 7 at 2. He was initially adjusted to a lawful permanent resident under the Cuban Adjustment Act of 1966. *Id.* He was first apprehended by Border Patrol  issued a Notice to Appear ("NTA") in 2013, after being convicted for forgery of government financial instrument charges. *Id.* He was ordered to be removed to Cuba on March 24, 20214 under Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA"). *Id.* Between 2014 and 2025, Petitioner alternated between being released from detention on supervision and serving sentences on criminal theft charges. *Id.* at 2-3.

On April 26, 2026, Petitioner was transferred to Immigration and Customs Enforcement's ("ICE") custody at the Montgomery Processing Center. *Id.* at 3. "ICE previously attempted to remove Petitioner to Cuba, and to Mexico, but was not successful." *Id.* Respondents stated in their Motion for Summary Judgment that "ICE is working to identify a new third country of removal." *Id.*

The fact that Petitioner may not be removed to his country of citizenship suggests his removal is not reasonably foreseeable at this time. The Government expressed its intent to remove Petitioner to a third country, and it may ultimately do so. However, there is currently no indication that any third country is willing to accept Petitioner. *See id.* Absent such an indication, his removal is not reasonably foreseeable.

The burden thus shifts to the Government to produce "evidence sufficient to rebut" the showing that Petitioner's removal is not reasonably foreseeable. *Zadvydas*, 533 U.S. 678 at 701 (2001). Respondents have failed to do so. Respondents concede that they have received no indication from Mexico or Cuba that either country is willing to accept Petitioner. *See* ECF No. 7 at 3. Furthermore, Respondents have not yet identified a third country which will accept Petitioner. *Id.* Respondents have therefore provided no evidence that removal to a third country is likely—let alone reasonably foreseeable. Further, even if Respondents were able to demonstrate that a third country was willing to accept Petitioner, Petitioner would then be "entitled to seek fear-based relief from removal to that country," likely resulting in another proceeding before an immigration judge. *See id.* at 5 (stating that Petitioner will have the opportunity to request a "reasonable fear" interview); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 399 (D.N.J. 2025).

The Court concludes that Petitioner's ongoing detention contravenes the INA and *Zadvydas*. The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. If Respondents seek to re-detain Petitioner during the pendency of his removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an

IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before September 9, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the notification and return of personal property requirements outlined above.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before September 11, 2026.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 4th day of September, 2026.

Keith P. Ellison
United States District Judge